UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| PAUL HANSMEIER, | Case No. 22-CV-932 (NEB/LIB) |
| Plaintiff, | |
| v. | ORDER |
| TOBIES ENTERPRISES, INC. and MERRICK GARLAND, | |
| Defendants. | |

Plaintiff Paul Hansmeier was sentenced to 168 months' imprisonment after admitting to conspiracy to commit mail and wire fraud and conspiracy to commit money laundering, both counts resulting from Hansmeier's conduct while practicing law. *See United States v. Hansmeier*, 988 F.3d 428, 432 (8th Cir. 2021). Neither his imprisonment nor the subsequent revocation of his law license has discouraged Hansmeier from litigating in state and federal court. Indeed, Hansmeier has proven so vexatious following his conviction that, notwithstanding the many provisions of the Prison Litigation Reform Act ("PLRA") designed to thwart malicious, frivolous, or otherwise non-meritorious lawsuits from prisoners, it has proven necessary to restrict Hansmeier from continuing to sue the prosecutors who put him behind bars. *See Hansmeier v. MacLaughlin*, No. 21-CV-1167

(JRT/LIB), 2022 WL 748484, at *6–7 (D. Minn. Mar. 11, 2022). And yet the lawsuits from Hansmeier have not stopped.[1]

This case, which was removed from Minnesota state court, is typical in many respects. As in many of his prior actions, Hansmeier has bundled a governmental defendant—here, U.S. Attorney General Merrick Garland—with a private litigant—in this case, defendant Tobies Enterprises, Inc. ("Tobies Enterprises"), the proprietor of a cluster of small businesses in Hinkley, Minnesota. (*See* ECF No. 1-1 ("Notice of Removal"), Ex. A at 19.) The private litigant is named as a defendant due to its alleged failure to comply with a federal statute—often, as in this case, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. Hansmeier solicits, or is solicited by, unnamed persons who visit facilities covered by the ADA to see if they encounter architectural barriers, disparate treatment, or other discrimination prohibited by the ADA while attempting to access those facilities. (*See* Notice of Removal Ex. A ¶¶ 60–78.)

---

[1] *See Hansmeier v. MacLaughlin*, 20-CV-2155 (JRT/LIB); *Hansmeier v. MacLaughlin*, 20-CV-2156 (JRT/LIB); *Hansmeier v. MacLaughlin*, 21-CV-748 (JRT/LIB); *Hansmeier v. MacLaughlin*, 21-CV-1167 (JRT/LIB); *Hansmeier v. MacLaughlin*, 21-CV-1426 (JRT/LIB); *Hansmeier v. MacLaughlin*, 21-CV-1537 (JRT/LIB); *Hansmeier v. MacLaughlin*, 21-CV-1538 (JRT/LIB); *Hansmeier v. MacLaughlin*, 21-CV-1539 (JRT/LIB); *Hansmeier v. MacLaughlin*, 21-CV-1540 (JRT/LIB); *Hansmeier v. MacLaughlin*, 21-CV-1542 (JRT/LIB); *Hansmeier v. MacLaughlin*, 21-CV-1543 (JRT/LIB); *Hansmeier v. MacLaughlin*, 21-CV-1547 (JRT/LIB); *Hansmeier v. MacLaughlin*, 21-CV-1550 (JRT/LIB); *Hansmeier v. MacLaughlin*, 21-CV-1551 (JRT/LIB); *Hansmeier v. MacLaughlin*, 21-CV-1552 (JRT/LIB); *Hansmeier v. MacLaughlin*, 21-CV-1553 (JRT/LIB); *Hansmeier v. HRP Woodbury II, LLC*, No. 22-CV-820 (ECT/LIB).

Of course, Hansmeier cannot bring claims under the ADA on behalf of the unnamed individuals who are alleged to have been discriminated against; he is in prison and disbarred. *See In re Disciplinary Action Against Hansmeier*, 942 N.W.2d 167 (Minn. 2020). That circumstance leads Hansmeier to include a governmental defendant: Hansmeier alleges that his imprisonment, the federal statutes under which he was convicted, and the regulations of the Federal Bureau of Prisons barring frivolous and extortionate litigation by inmates all infringe upon his constitutional rights and his statutory right to engage in activity protected by the ADA. Put somewhat differently, Hansmeier alleges that the government—by prosecuting him, by incarcerating him, and by disallowing his frivolous litigation while incarcerated—violates not only his constitutional rights, but also his right to pursue claims on behalf of the disabled under the ADA.

Courts of this District have repeatedly rejected these claims, or near-variations on these claims, as non-meritorious, frivolous, malicious, precluded by Hansmeier's prior litigation, or a combination of all of these. *See, e.g.*, *Hansmeier*, 2022 WL 748484, at *1–7. This extensive track record of duplicative, frivolous, and abusive litigation is exactly what the PLRA was designed to prevent. *See, e.g.*, *Murray v. Dosal*, 150 F.3d 814, 816 (8th Cir. 1998) (per curiam). Hansmeier has found a path around many of the PLRA's provisions by filing his lawsuits in state court rather than federal court, then waiting for the case's

3

inevitable removal.² Because the defendants pay the cost of removal to federal court, Hansmeier avoids the obligation to pay the filing fee for the lawsuit. *See* 28 U.S.C. § 1915(b). Moreover, because Hansmeier did not bring the lawsuits in federal court, the dismissals of those actions do not constitute "strikes" for purposes of 28 U.S.C. Section 1915(g), even where those lawsuits are dismissed (as all of Hansmeier's have been) due to frivolousness, maliciousness, or failure to state a claim on which relief may be granted. *See Maldonado v. Baker Cnty. Sheriff's Off.*, 23 F.4th 1299, 1305 (11th Cir. 2022) ("[T]he plain meaning of § 1915(g) is clear—it applies only to actions commenced by a prisoner in federal court who seeks and is granted *in forma pauperis* status in that court.").

Hansmeier has already been "prohibited from filing any new lawsuits and any pleadings or other papers in the District of Minnesota concerning any copyright infringement action or private enforcement action under the ADA against the U.S. Attorney General" and other governmental defendants. *Hansmeier*, 2022 WL 748484, at *7. Hansmeier attempts to elude this hurdle by filing this case in state rather than federal court. *See HRP Woodbury II*, No. 22-CV-820 (ECT/LIB), ECF No. 7 (D. Minn. Apr. 11, 2022) (summarily dismissing lawsuit brought by Hansmeier in state court and removed by defendants as falling within the filing restriction).

---

² Some of the relief sought by Hansmeier, such as his release from federal prison, (Notice of Removal Ex. A at 18), could not possibly be secured in the state courts. *See, e.g., In re Tarble*, 80 U.S. 397, 403–07 (1871).

4

Despite Hansmeier's efforts, the PLRA still applies. Under 28 U.S.C. Section 1915A(a), "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Under 28 U.S.C. Section 1915A(b), the Court must dismiss a complaint brought by a prisoner against a governmental defendant that is "frivolous, malicious, or fails to state a claim on which relief may be granted." And unlike the PLRA provisions discussed above, Section 1915A is not limited to cases commenced in federal court. *See, e.g., Carr v. Zwally*, 760 F. App'x 550, 552–58 (10th Cir. 2019) (affirming dismissal under § 1915A of prisoner lawsuit removed to federal court); *Schlegel v. Schoeneck*, No. 16-CV-867 (DWF/BRT), 2016 WL 7757268, at *1 (D. Minn. Nov. 29, 2016) (collecting cases). Accordingly, this matter is now before the Court for review under Section 1915A. As a result of that review, this Court concludes that this lawsuit is frivolous for the following reasons:

First, Hansmeier lacks standing to pursue claims for disability discrimination under the ADA and the Minnesota Human Rights Act ("MHRA")[3] against Tobies

---

[3] The Court lacks original jurisdiction over Hansmeier's MHRA claim against Tobies Enterprises. *See* 28 U.S.C. §§ 1331–1332. In the typical case, the Court would remand all state-law claims for relief upon dismissal of the claims for relief over which the Court had original jurisdiction. Here, however, the Court will exercise supplemental jurisdiction pursuant to 28 U.S.C. Section 1367 and dismiss the MHRA claim outright as frivolous, rather than remand the claim to state court. Hansmeier would lack standing to pursue his claim under the MHRA in state court as well, *see State by Humphrey v. Philip Morris*

5

Enterprises. The crux of Hansmeier's claims against Tobies Enterprises is that it has discriminated against persons whose disabilities require the use of a mobility device by failing to remove architectural barriers that impede full and equal access and enjoyment of the defendant's facilities. (*See* Notice of Removal Ex. A ¶¶ 190–205.) But Hansmeier does not allege that *he* has suffered, or is reasonably likely to suffer, any injury in fact resulting from Tobies Enterprises' failure to remove the allegedly unlawful architectural barriers. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (identifying elements of Article III standing). For example, Hansmeier does not allege that he is disabled within the meaning of the ADA or the MHRA, or that the architectural barriers at issue would create any impediment to Hansmeier's use or enjoyment of the defendant's facilities—assuming there is reason to believe that Hansmeier is likely to access the facilities of the defendant at all, which is overwhelmingly doubtful owing to Hansmeier's substantial and ongoing term of imprisonment.

Second, much of Hansmeier's pleading amounts to an indirect attack on the validity of his conviction and sentence. These claims (or components of claims) are barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Hansmeier may not use litigation under the ADA, the MHRA, *Bivens*,[4] or any other civil provision as a means of attacking the fact of his incarceration. *See, e.g., Cistrunk v. Johnson*, No. 08-CV-

---

*Inc.*, 551 N.W.2d 490, 493 (Minn. 1996), and the interests of justice would not be served by permitting Hansmeier's frivolous MHRA claim to proceed in another venue.

[4] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

6

2203 (DWF/RLE), 2009 WL 2766727, at *7 & n.5 (D. Minn. Aug. 31, 2009) (collecting cases). Unless and until the sentencing judgment in Hansmeier's criminal proceeding is vacated or otherwise invalidated, he may not bring civil claims that, if successful, would necessarily imply the invalidity of his conviction or sentence.

Third, Hansmeier alleges that he has been retaliated against and denied due process as a result of his litigation activities, and he brings claims of constitutional violations against Attorney General Garland. (*See* Notice of Removal Ex. A ¶¶ 214–44.) But "[a] *Bivens* action may be brought only against the specific person or persons alleged to have committed the wrongdoing." *Mendez v. Kallis*, No. 21-CV-178 (DSD/ECW), 2021 WL 1795802, at *2 (D. Minn. Mar. 19, 2021) (collecting cases); *accord Ziglar v. Abbasi*, 137 S. Ct. 1843, 1860 (2017). No factual allegations specific to Garland are offered in the complaint; instead, Garland appears to have been named solely due to his supervisory responsibilities. This attempt necessarily fails. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). And even if Hansmeier had named a more appropriate governmental official as a defendant with respect to his *Bivens* claim, that claim could not go forward. As an initial matter, it is doubtful whether *Bivens* extends to Hansmeier's claims at all. *See Earle v. Shreves*, 990 F.3d 774, 779–81 (4th Cir. 2021); *Vega v. United States*, 881 F.3d 1146, 1153–55 (9th Cir. 2018); *Cavan v. United States*, No. 20-CV-1072 (KMM/LIB), 2022 WL 837685, at *9 (D. Minn. Jan. 31, 2022) ("[T]he U.S. Supreme

Court has never recognized a *Bivens* remedy for First Amendment claims, and it has affirmatively declined to extend *Bivens* to a claim invoking the First Amendment."). But even leaving this aside, Hansmeier has not plausibly alleged that the activity in which he has been engaged is constitutionally protected. *See In re Tyler*, 839 F.2d 1290, 1292 (8th Cir. 1988) (noting that "there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious") (quotation marks and citation omitted).

Finally, Hansmeier brings claims of unlawful retaliation against both Tobies Enterprises and Garland under Section 12203(b). (*See* Notice of Removal Ex. A ¶¶ 210–13.) But again, there are no plausible allegations offered in the pleading that either of the two defendants specifically named to this complaint have engaged in any retaliation with respect to Hansmeier.[5] This claim of ADA retaliation is frivolous as pleaded.

This matter will therefore be dismissed as frivolous pursuant to Section 1915A. Because significant aspects of that dismissal are jurisdictional or implicate *Heck*, the dismissal will be without prejudice. *See, e.g., Romero v. Pinnacle Equities, LLC*, 283 F. App'x 429, 431 (8th Cir. 2008) (per curiam) (modifying dismissal for lack of subject-matter jurisdiction to be without prejudice); *Gautreaux v. Sanders*, 395 F. App'x 311, 312 (8th Cir. 2010) (per curiam) (modifying dismissal under *Heck* to be without prejudice rather than with prejudice).

---

[5] Even if Hansmeier had named an alternative federal defendant, sovereign immunity would likely preclude recovery from that federal defendant under the ADA. *See Hendrickson v. Potter*, 327 F.3d 444, 447 (5th Cir. 2003).

8

That this action is dismissed *without* prejudice should not, however, be taken as an invitation to Hansmeier to continue filing frivolous lawsuits. In fact, the Court finds that still further measures are necessary to protect the public from Hansmeier's litigation activity. Therefore, in addition to the restrictions imposed upon Hansmeier in this District, the Court directs that any action filed by Hansmeier in state court and thereafter removed to this District will be automatically stayed while that action undergoes review under the PLRA. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*; 490 U.S. 296, 307–08 (1989) (noting that "there is little doubt" that district courts have the inherent power to dismiss frivolous or malicious litigation even in the absence of statutory authorization). The removing parties will not be obligated to file an answer or otherwise respond to the complaint during the pendency of the stay. Where the removed lawsuit is found on initial review to be frivolous or malicious, the lawsuit may be summarily dismissed by the reviewing court without extended comment. This restriction does nothing to prevent Hansmeier from legitimately accessing the courts—as explained above, Hansmeier's constitutional right of access to the courts does not include the right to file frivolous or malicious litigation, *see Tyler*, 839 F.2d at 1292, and broader restrictions have now proved necessary to prevent Hansmeier from abusing the litigation process.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

9

1. This matter is DISMISSED WITHOUT PREJUDICE AS FRIVOLOUS.

2. It is certified that any appeal from the dismissal of this action would not be taken in good faith and that *in forma pauperis* status will not be granted to plaintiff Paul Hansmeier on appeal.

3. Hansmeier is subject to the following filing restrictions in addition to the restrictions already imposed in *Hansmeier v. MacLaughlin*, No. 21-CV-1167 (JRT/LIB), 2022 WL 748484, at *7 (D. Minn. Mar. 11, 2022):

    a. Any action filed by Hansmeier in state court and removed to this District will be automatically stayed pending review of that action pursuant to 28 U.S.C. Section 1915A and the Court's inherent power.

    b. Any such action deemed frivolous or malicious on initial review may be summarily dismissed without substantive comment.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: April 19, 2022                    BY THE COURT:

                                         s/Nancy E. Brasel
                                         Nancy E. Brasel
                                         United States District Judge