CASE 0:22-cv-00932-NEB-LIB   Doc. 10   Filed 04/29/22   Page 1 of 5

SCANNED
APR 29 2022
U.S. DISTRICT COURT MPLS

RECEIVED BY MAIL
APR 29 2022
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

TRULINCS 20953041 - HANSMEIER, PAUL R - Unit: SST-K-C

---

FROM: 20953041
TO:
SUBJECT: 22-cv-932 (NEB/LIB) Rule 59 - Part One
DATE: 04/26/2022 06:09:14 PM

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

PAUL HANSMEIER,
    Plaintiff,

v.                                  Case No. 22-cv-932 (NEB/LIB)

TOBIES ENTERPRISES, INC., et. al.,
    Defendant.

### CORRECTED MOTION TO ALTER OR AMEND JUDGMENT AND MEMORANDUM IN SUPPORT

Plaintiff Paul Hansmeier respectfully moves the Court pursuant to Federal Rule of Civil Procedure 59(e) to alter or amend its April 19, 2022 judgment. The Court should vacate the judgment in its entirety and reinstate Hansmeier's claims.

I. Background.

Hansmeier's complaint asserts six claims: (1) violations of Title III of the Americans With Disabilities Act against Tobies Enterprises, Inc. ("Tobies"); (2) a corresponding state law claim under the Minnesota Human Rights Act ("MHRA") against Tobies; (3) a participation clause claim against the Tobies and the Attorney General; (4) a First Amendment anti-retaliation claim against the Attorney General; (5) an as-applied First Amendment challenge to the federal mail and wire fraud statutes, the Hobbs Act and the RICO Act; and (6) an as-applied Fifth Amendment "void for vagueness" Due Process challenge to the same statutes. Hansmeier's complaint seeks damages from Tobies and injunctive relief against both defendants.

On April 19, 2022, the Court conducted a sua sponte screening pursuant to 28 U.S.C. 1915A and concluded that Hansmeier's claims were frivolous. As for Hansmeier's claims against Tobies, the Court concluded that Hansmeier's claims are frivolous because Hansmeier lacks standing to bring them. As for Hansmeier's claims against the Attorney General, the Court concluded that they are frivolous because they are barred by the Heck doctrine and because Hansmeier's Bivens claims suffer from various infirmities. Finally, as for Hansmeier's participation clause claim, the Court concluded that the claim fails because "no plausible allegations [are] offered in the pleading that either of the defendants specifically named in the complaint have engaged in any retaliation with respect to Hansmeier."

Based on this reasoning, the Court dismissed this action in its entirety as frivolous pursuant to Section 1915A. The court's dismissal was without prejudice based on the jurisdictional and Heck doctrine bases for the dismissal. The Court also preemptively decided that any appeal from its order would be frivolous and held that in forma pauperis status would not be granted for an appeal. Finally, the Court subjected Hansmeier to a filing restriction, whereby any action filed by Hansmeier in state court and removed to this District would be automatically stayed pending review of that action pursuant to 28 U.S.C. Section 1915A and the Court's inherent power, and that any action deemed frivolous or malicious on initial review may be summarily dismissed without substantive comment.

II. Argument.

Federal Rule of Civil Procedure 59(e) provides that a court may alter or amend a judgment to address manifest errors of law or fact. The Court's judgment is subject to Rule 59(e) amendment because: (1) once the Court concluded that it lacked subject matter jurisdiction over Hansmeier's ADA/MHRA claims against Tobies, the Court had no discretion to do anything other than remand those claims to Hennepin County District Court; (2) the Court's Biven analysis is beside the point because there are no Bivens claims in Hansmeier's complaint; (3) the Court's Heck analysis is beside the point because none of Hansmeier's claims are covered by Heck; (4) the Court's participation clause analysis is fatally infected by its Bivens error; and (5) the Court's filing restriction should be reconsidered in light of the foregoing errors and otherwise impermissibly violates Hansmeier's First and Fifth Amendment rights.

    A. Once the Court concluded that Hansmeier lacked standing to bring his ADA/MHRA claims in federal court, the Court had no discretion to do anything other than remand the claims.

TRULINCS 20953041 - HANSMEIER, PAUL R - Unit: SST-K-C

--------------------------------------------------------------------------------

Both the plain text of the federal removal statutes and Eighth Circuit precedent mandate that federal district courts must remand removed claims if, at any point in the litigation, the court concludes that the plaintiff lacks standing to bring a claim in federal court. Hillesheim v. Holiday Stationstores, Inc., 900 F.3d 1007, 1010 (8th Cir. 2018) ("If it turns out after removal that a plaintiff lacks standing to bring a claim in federal court, as happened here, then a district court must remand the claim to state court."). Here, the Court concluded that Hansmeier lacked standing to bring his ADA/MHRA claims against Tobies. Once it reached that conclusion, the Court had no power to do anything other than remand those claims to Hennepin County District Court. It was a manifest error of law for the Court to do anything else. At a minimum, the law and precedent require the Court to reinstate Hansmeier's claims against Tobies and remand those claims to Hennepin County District Court.

As an alternative, the Court might vacate its judgment and order Hansmeier to show cause for why the case should not be remanded for lack of standing. The Court correctly observed that Hansmeier could not plausibly allege injury-in-fact under a theory that Hansmeier is a person with a disability who intends to return to Tobies in the near future---Hansmeier is neither of those things.

But that is not the injury-in-fact that is alleged in Hansmeier's complaint. Article III injury-in-fact is not limited to the singular theory of injury-in-fact which was discussed in the Court's opinion. If the Court is interested in addressing Hansmeier's actual basis for standing, then it may utilize the procedure suggested in this paragraph. Otherwise, the Court has no discretion but to remand Hansmeier's ADA/MHRA claims to Hennepin County District Court.

    B. The Court's Biven's analysis is beside the point because Hansmeier's complaint does not assert Bivens claims.

The Court's opinion lists three or four reasons why Hansmeier's Bivens claims are frivolous, but Hansmeier's complaint contains no Bivens claims. Bivens claims are claims, akin to those brought pursuant to 28 U.S.C. 1983 against state officials, brought against federal officials in their individual capacities, typically for damages, based on constitutional rights violations. Hansmeier's complaint names the Attorney General only in his official capacity and does not seek damages. Nor does Hansmeier's complaint invoke 28 U.S.C. 1983 or the Supreme Court's decision in Bivens. The Court manifestly erred by holding that Hansmeier's non-existent Bivens claims are frivolous because there are no such claims in Hansmeier's complaint.

    C. The Court's Heck analysis is beside the point because Hansmeier's claims do not implicate the Heck doctrine.

The Heck doctrine bars federal prisoners from bringing Bivens claims that, if successful, would necessarily imply the invalidity of their conviction or sentence. There are no such claims in Hansmeier's complaint. First, as is set forth above, Hansmeier is not asserting Bivens claims. Second, the claims in Hansmeier's complaint, if successful, would not necessarily imply the invalidity of Hansmeier's conviction or sentence.

Hansmeier's criminal conviction arises from allegations that Hansmeier concealed material information from the courts in connection with copyright enforcement activity and therefore violated the federal mail fraud and wire fraud statutes. In the first scheme alleged in Hansmeier's indictment, for example, the government alleged that Hansmeier concealed his use of an undercover investigator and his financial interest in the plaintiffs he was representing. Hansmeier is collaterally challenging his conviction via 2255. If the Court would like to know more about the specifics of Hansmeier's case, Hansmeier would encourage the Court to read the 2255 briefing submitted by Hansmeier and the government. It has profound implications for the civil justice system.

The claims in Hansmeier's complaint have nothing to do with Hansmeier's conviction. Hansmeier's ADA/MHRA claims relate to whether Tobies is discriminating against people with disabilities. A finding that Tobies is so discriminating would not necessarily imply the invalidity of Hansmeier's conviction or sentence. The same is true with respect to Hansmeier's participation clause claims under the ADA. If successful, all that the participation clause claims would do is prevent Tobies and the Attorney General from retaliating against Hansmeier based on his civil rights petitioning activity in this case. The same is true for Hansmeier's First Amendment anti-retaliation claim. There is no link whatsoever between these claims and Hansmeier's criminal conviction.

Hansmeier's as-applied challenges to the RICO Act, the Hobbs Act and the federal mail and wire fraud statutes also have nothing to do with Hansmeier's criminal conviction. Hansmeier was not prosecuted under the RICO Act or the Hobbs Act, so a successful challenge of those statutes would not necessarily invalidate Hansmeier's conviction. As for the mail and wire fraud challenges, Hansmeier's challenges are as-applied versus facial. An as-applied challenge to a statute challenges the constitutionality of a statute as applied to specified circumstances. A facial challenge to a statute seeks to invalidate a statute in its entirety. Hansmeier is not asserting a facial challenge to the mail-wire fraud statutes. Hansmeier is only asserting an as-applied challenge. Hansmeier's as-applied challenge is limited to a challenge to the mail-wire fraud statues as applied to Hansmeier's petitioning activity in this case and no other. Hansmeier would look like a fool if he took a successful judgment in

TRULINCS 20953041 - HANSMEIER, PAUL R - Unit: SST-K-C

---

this case and asked Judge Ericksen to vacate his criminal conviction based on the judgment. Judge Ericksen's ruling would be (and Hansmeier would have to agree with it) that whether the ADA petitioning activity in this case is protected by the First and Fifth Amendments is not conclusive or even probative of whether the activity alleged in the indictment in Hansmeier's criminal case is protected by the First and Fifth Amendments. Because they are as-applied challenges, the issues in this case are separate from the issues in Hansmeier's criminal case.

For the sake of completeness, Hansmeier would note that his request for relief to be transferred to home confinement for the duration of this action does not implicate the Heck doctrine; this request only implicates the place of confinement versus the fact of confinement, as multiple courts have held.

For the reasons set forth above, it was manifest error for the Court to apply the Heck doctrine to Hansmeier's claims.

    D. Participation Clause Claims.

Recognizing that civil rights proponents are often the subject of retaliation, the ADA protects people from retaliation and other adverse consequences based on their efforts to invoke the ADA and assist other in doing the same. The section of the ADA that provides this protection, 42 U.S.C. 12203, is sometimes referred to as the ADA's participation clause. The Court found that Hansmeier's participation clause claims are frivolous because "there are no plausible allegations offered in the pleading that either of the two defendants specifically named to this complaint have engaged in any retaliation with respect to Hansmeier." Once again, the Court appears to be confusing Bivens claims with other claims. Moreover, a person does not need to wait to be retaliated against before seeking injunctive relief.

The Court manifestly erred in its analysis of Hansmeier's participation clause claim.

TRULINCS 20953041 - HANSMEIER, PAUL R - Unit: SST-K-C

----------------------------------------------------------------------------------

FROM: 20953041
TO:
SUBJECT: 22-cv-932 (NEB/LIB) Rule 59 - Part Two
DATE: 04/24/2022 07:00:51 AM

. E. Filing Restriction.

The manifest errors of fact and law outlined above justify the Court's vacatur of its filing restriction. Contrary to the Court's understanding when it issued its opinion, Hansmeier's claims are not frivolous. The Court's conclusion that it lacks subject matter jurisdiction over Hansmeier's ADA/MHRA claims does not mean that these claims are frivolous; it just means that the Court lacks power to decide them and that they should be remanded to Hennepin County District Court. The Court's analysis of Hansmeier's "Bivens" claims cannot support a finding of frivolousness because there are no Bivens claims in Hansmeier's complaint. The Court's Heck analysis does not support a finding of frivolousness because even if Hansmeier had asserted Biven claims and even if Hansmeier's success in those claims necessarily implied the invalidity of Hansmeier's criminal conviction---none of which is true---all that the Heck doctrine means is that Hansmeier's claims are premature, which is different than frivolous; the Heck doctrine has nothing to do with the merits of Hansmeier's claims. The Court's participation clause analysis is fatally infected by its Bivens error.

Beyond the manifest errors of fact and law outlined above, the Court's filing restriction, as drafted, violates Hansmeier's First and Fifth Amendment rights. Hansmeier has a right to petition the courts for relief and the Court would be going well beyond its powers by interfering with that right. While the Court's order states that Hansmeier will still be able to bring meritorious claims, the Court's order also states that Hansmeier's claims will be summarily disposed of without comment whenever a judge finds "frivolousness." Imagine if that had happened in this case. Hansmeier would have had no way of knowing that the Court was basing its decision on claims that Hansmeier did not even bring. What the Court's errors in this case evidence is that we need to know a court's reasoning so that we can challenge honest, but unfortunate, errors. At a minimum, the Court should strike the portion of its filing restriction which allows courts to shield their reasoning from scrutiny. Absent this modification, the Court's order does not adequately protect Hansmeier First Amendment petitioning right because no one (including the appellate court) will have any idea why the a particular court acted---i.e., did the court block meritorious petitioning activity based on a mistake, a personal bias, or for some other reason unrelated to the merits? The Court's order for summary disposition also violates the public's right of access to the courts. The public has a right to know why its judges are acting in the manner they are---both so they can hold their judges accountable and so they can understand the state of the law---and by shielding their reasoning, courts undermine both of these constitutional imperatives.

Without this modification the Court's order would also violate Hansmeier's Fifth Amendment Due Process right. Hansmeier has a right to have his claims adjudicated in accordance with the law and without a statement of reasons from a deciding court, Hansmeier has no way to evaluate why a judge acted in the manner they did. We cannot have our district courts acting from the shadows.

As an additional change, the Court has no authority to impose its filing restriction on cases that are removed to this Court by others. Hansmeier cannot control whether people remove his cases and to impose a filing restriction that prejudices Hansmeier based on actions of people outside of Hansmeier's control would violate Hansmeier's Due Process rights and raise substantial federalism concerns. If the Court does not want Hansmeier's claims removed to this court, then it needs to draft a filing restriction which prevents others from removing Hansmeier's claims. As drafted, the Court's order also violates Article III's limitations on the jurisdiction of federal courts. The Court's order has federal judges adjudicating claims irrespective of whether they have subject matter jurisdiction over the claims.

Hansmeier is doing his best from the prison environment to be responsive to the decisions from the judges of this district regarding his claims. Hansmeier, out of respect for the spirit of Chief Judge Tunheim's order and out of an abundance of caution, significantly modified his claims from those that were reviewed by Chief Judge Tunheim, even though Chief Judge Tunheim's order may be modified or vacated based on Hansmeier's post-judgment challenges. The Court's opinion does not take Hansmeier's good faith efforts into account, and Hansmeier's best guess for why this is true is that the Court acted without the benefit of the adversarial process. As the errors in the Court's order demonstrate, even the ablest district court judges can manifestly misapprehend the facts and law when they eschew the benefits of the adversarial process and act hastily and sua sponte. The parties to this case stand ready to provide this Court with the adversarial presentation that will aid the Court's decision-making.

III. Conclusion.

The Court should grant Hansmeier's motion.

TRULINCS 20953041 - HANSMEIER, PAUL R - Unit: SST-K-C

---

Respectfully submitted,

_____          Dated: __4/26/22__

Paul Hansmeier
20953-041 Unit K3
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN 55072