UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

RECEIVED BY MAIL
AUG 04 2022
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

| | |
|---|---|
| Paul Hansmeier,<br>Plaintiff,<br><br>v.<br><br>Tobies Enterprises, Inc., et al.,<br>Defendants. | 22-cv-932<br><br>MOTION FOR AN INDICATING RULING |

SCANNED
AUG 04 2022
U.S. DISTRICT COURT MPLS

Plaintiff Paul Hansmeier moves the Court under Federal Rule of Civil Procedure 62.1 to indicate to the Court of Appeals that it would reconsider its order dismissing Hansmeier's claims against Tobies Enterprises, Inc. and remand the claims to Hennepin County District Court.

Federal Rule of Civil Procedure 62.1 provides the Court with authority to indicate to the Court of Appeals that it would grant a motion if the Court of Appeals remands for that purpose. See Fed. R. Civ. P. 62.1. Reconsideration is warranted based on the Eighth Circuit's decision in Hughes v. City of Cedar Rapids, Iowa, 840 F.3d 987 (8th Cir. 2016), which contradicts the Court's reasoning for dismissing Hansmeier's claims against Tobies instead of remanding them. The Court reasoned that it could dismiss Hansmeier's claims against Tobies as an exercise of its supplemental jurisdiction over those claims, notwithstanding its holding that Hansmeier lacked Article III standing with respect to those claims.

Yet, "[a] court may not exercise supplemental jurisdiction over a claim

if the claimant lacks Article III standing." Id. at 993, citing DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 351-52 (2006) ("What we have never done is ... permit a federal court to exercise supplemental jurisdiction over a claim that does not itself satisfy those elements of the Article III inquiry, such as constitutional standing ...."). "If a case is removed from state court, those claims lacking Article III standing shall be remanded." Id.

In light of Hughes and the authorities cited within it, it is evident that Hansmeier's claims against Tobies should have been remanded as: (1) the claims were removed from state court; and (2) the Court found that Hansmeier lacked Article III standing with respect to those claims. The Court should indicate to the Court of Appeals that it would grant Hansmeier's motion to reconsider and remand Hansmeier's claims against Tobies if the Court of Appeals remanded for that purpose.

Dated: August 1, 2022

Paul Hansmeier
20953-041 Unit F
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN 55072