RECEIVED
BY MAIL
JUN 20 2023
CLERK
U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

FROM: 20953041
TO:
SUBJECT: Rule 60 - 1
DATE: 04/16/2023 07:44:38 AM

.

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No. 22-cv-932 (NEB)

Paul Hansmeier,
Plaintiff,

v.

Tobies Enterprises, Inc.,
Defendant.

MOTION TO VACATE AND MEMORANDUM IN SUPPORT

Plaintiff Paul Hansmeier respectfully moves the Court under Federal Rule of Civil Procedure 60 to vacate its April 19, 2022 order and judgment and issue an order to show cause for why Hansmeier's claims against defendant Tobies Enterprises, Inc. should not be remanded to Hennepin County District Court. This motion is based on the attached memorandum of law, the Declaration of Paul Hansmeier and the entire record of these proceedings.

Respectfully submitted,

.

.

___________________________ Dated: ___________________________

Paul Hansmeier
20953-041 Unit F
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN 55072

SCANNED
JUN 20 2023
U.S. DISTRICT COURT MPLS

MEMORANDUM

The Court should vacate its April 19, 2022 order and judgment because it is the product of mistakes of law and fact and it meets the Eighth Circuit's definition of a void judgment. The Court should order the parties to show cause for why Hansmeier's claims against Tobies Enterprises, Inc. should not be remanded to Hennepin County District Court.

I. Background

Hansmeier brought claims again defendant Tobies Enterprises, Inc. in Hennepin County District Court. Hansmeier's complaint identified the Attorney General as a defendant, but Hansmeier did not bring claims against the Attorney General; in Minnesota state court actions, a civil action is commenced by service of summons and Hansmeier did not serve (or attempt to serve) the Attorney General with summons. Minn. R. Civ. P. 3. See also Metivier v. Deutsche Bank Trust Co. Ams., 19-cv-2929 (ECT) (May 7, 2020) (holding that unserved Minnesota state court claims must be remanded because under the Minnesota Rules of Civil Procedure unserved claims haven't been brought). Rather, Hansmeier's claims were brought exclusively against Tobies.

The gravamen of Hansmeier's claims is that the popular Tobies restaurant in Hinkley, Minnesota is discriminating against people with disabilities in violation of Title III of the Americans With Disabilities Act and section 11 of the Minnesota Human Rights Act. The parking lot at Tobies does not include the required number of accessible parking spaces in violation of 36 C.F.R. part 1191 App. D section 502.1; the parking spaces designated as accessible parking spaces are excessively sloped in violation of section 502.4, the accessible parking spaces lack accessible access aisles in violation of section 502.3; and the accessible parking spaces lack adequate signage (signs posted too low) in violation of section 502.6. Hansmeier attached a photograph of these violations to his complaint and attached an accessibility report as well. Hansmeier's complaint also alleged claims to address the systemic (and unlawful) retaliation that accessibility advocates face in Minnesota.

---

Tobies removed Hansmeier's claims to federal court and filed a short letter with the Court---which, in substance, was a motion to dismiss Hansmeier's claims. Hansmeier filed an opposition to Tobies' motion, but the Court did not allow it to be filed. Rather, it directed the Clerk of Court to return Hansmeier's motion to him without filing it. The Clerk of Court returned Hansmeier's motion to him per the Court's instructions.

The Court incorrectly assumed that Hansmeier had served the Attorney General with summons in Minnesota state court and conducted a sua sponte screening of these claims. The Court interpreted these official capacity claims as Bivens claims and dismissed the claims as meritless. This was a mistake because the claims identified in Hansmeier's complaint were not Biven claims, but even if they were, the United States has not waived its sovereign immunity for Bivens claims and the Court thus lacked power to reach the merits of these claims. Rather, 28 U.S.C. 1447(c) mandates remand of claims outside of the Court's subject matter jurisdiction.

The Court then turned to Hansmeier's claims against Tobies. Without providing a substantive explanation, the Court dismissed the claims for lack of subject matter jurisdiction. But again, 28 U.S.C. 1447(c) mandated remand of these claims.

Finally, the Court imposed a sweeping filing restriction under which any claim that Hansmeier brings in the District of Minnesota or the State of Minnesota (and which is removed by the defendant) will be screened and dismissed without substantive comment unless the presiding district court judge deems that it has merit. The Court's order promises that Hansmeier's claims will be screened in accordance with the law, but since that has not happened in this case, the promise feels empty.

Hansmeier took an appeal. The Eighth Circuit summarily affirmed the judgment, but did so without the knowledge that the record was incomplete.

Tobies continues to discriminate against people with disabilities. A January 2023 review of Tobies' parking lot reveals that Tobies has made no effort to bring its parking lot into compliance with the law. People with disabilities continue to be excluded from having a meal at Tobies---a situation that Hansmeier will (and the Court should) continue to address until it is corrected.

II. Argument

The Court should vacate its April 19, 2022 order and judgment (the "judgment") under Federal Rule of Civil Procedure 60(b)(1) because it is the product of mistakes of law and fact. Alternatively, it should vacate the judgment under Rule 60(b)(4) because the judgment meets the Eighth Circuit's definition of a void judgment. Finally, the Court should order the parties to show cause for why Hansmeier's claims should not be remanded to Hennepin County District Court.

A. The Court should vacate its April 11, 2022 judgment under Federal Rule of Procedure 60(b)(1) because it is the product of mistakes of law and fact.

Federal Rule of Civil Procedure 60(b)(1) permits a court to correct mistakes of law and fact. Kemp v. United States, 142 S.Ct. 1856 (2022) (PARENTHETICAL). The Court should correct the following mistakes of law and fact.

1. The Court's order is the product of mistakes of fact.

When Hansmeier's complaint reached the Court's desk, the Court made a series of assumptions about Hansmeier's claims and took judicial notice of these assumptions to give them evidentiary weight. This misuse of judicial notice resulted in mistakes of fact.

What, in fact, happened in this case is as follows. Hansmeier became aware of accessibility violations at Tobies. Before Judge Tunheim issued the order referenced in this Court's April 19, 2022 order, Hansmeier sent his complaint out for service. Judge Tunheim issued his order before the defendants were served. When Hansmeier became aware of Judge Tunheim's order he instructed that service not be made on the Attorney General. Hansmeier has done his best to comply with Judge Tunheim's order.

The Court mistook the reason why Hansmeier filed in state court. The Court impugned Hansmeier for filing his claims in state court. But Hansmeier filed in state court because of a significant difference between federal courts and Minnesota state court: Twombly/Iqbal. In federal court, district court judges review standing and claims under the plausibility standard. Minnesota has rejected this standard, and instead applies traditional pleading analysis. Hansmeier filed in state court because the allegations in his complaint establish standing under Minnesota's standard of review.

---

Hansmeier's concern about federal court is that federal district court judges have no personal experience with the federal prison environment from which to conduct a reliable plausibility analysis; federal judges would just dismiss Hansmeier's claims out of hand instead of allowing him to present evidence on them (as this case and the case before Judge Tostrud have shown). Before arriving in federal prison, Hansmeier would have thought that it would be impossible to coordinate a civil rights campagin from that environment, when the reality is that opposite is true. Thus, the state court forum seemed like a better option for achieving a result consistent with the law.

Finally, the Court's actions in this case appear to be driven in part by its motivation to enforce Judge Tunheim's filing restriction against Hansmeier as to the Attorney General. Yet, Hansmeier never brought claims against the Attorney General. As explained above, Hansmeier never served the Attorney General with summons and thus never asserted claims against the Attorney General in Minnesota state court. This is why the Attorney General never appeared in this action.

The Court should vacate its judgment to address its mistakes of fact.

2. The Court made a mistake of law regarding its subject matter jurisdiction.

The Constitution grants federal judges sweeping power over the coordinate branches of government and over the states. Yet, it contains a limitation on this power---subject matter jurisdiction---that is critical to maintaining the diffusion of powers and thus preserving liberty. This limitation on power is so important to preserving liberty that federal judges are obligated to raise the issue of subject matter sua sponte and any doubts regarding subject matter jurisdiction must be resolved in favor of its absence.

Here, the Court made a mistake of law regarding its subject matter jurisdiction. The Court interpreted the Attorney General claims in Hansmeier's complaint as Bivens claims. The Court has no subject matter jurisdiction over any such claims. Hansmeier's complaint names the Attorney General in his official capacity. Official capacity claims are just claims brought against the United States. Budford v. Runyon, 160 F.3d 1199, 1203 (8th Cir. 1998). The United States is entitled to sovereign immunity unless it unequivocally waives that right. In re Russell, 155 F.3d 1012, 1012 (8th Cir. 1998). The United States has not waived its sovereign immunity as to Bivens claims and (ignoring the point that the claims were never brought) the Court thus lacked subject matter jurisdiction to reach the merits of these claims. The Court was obligated to remand these claims to Hennepin County District Court. See 28 U.S.C. 1447(c).

The Court should vacate its judgment to address this mistake.

3. The Court mistakenly dismissed Hansmeier's claims against Tobies instead of remanding them to Hennepin County District Court.

The Court sua sponte and summarily found that it lacked subject matter jurisdiction over Hansmeier's claims against Tobies. Under federal law, the Court was required to remand these claims to Hennepin County District Court. See 28 U.S.C. 1447(c). Instead, the Court dismissed these claims and every rationale the Court has offered for dismissing the claims versus remanding them has been in direct conflict with Eighth Circuit precedent. This was a mistake of law and the Court should vacate its judgment to address this mistake.

4. The Court mistakenly characterized Hansmeier's claims as "frivolous."

At various points in this proceeding, the Court has conclusorily characterized Hansmeier's claims against Tobies as "frivolous." This is an error of law and fact. A claim is frivolous if it lacks an arguable basis in law or fact. Stanko v. Glaser, 228 Fed. Appx 623, 625 (8th Cir. 2007) (defining "frivolous"). The Court has not (and cannot) specified any reason why Hansmeier's carefully-researched claims against Tobies lack an arguable basis in law or fact---instead, it has just repeatedly labeled them as such. Without knowing, Hansmeier assumes that the Court's beliefs about Hansmeier's claims are driven more by Hansmeier's reputation than the substance of the claims. But Hansmeier's claims need to be processed in accordance with the rule of law versus by reputation. The Court should vacate its judgment to address this mistake.

[intentionally left blank]

---

FROM: 20953041
TO:
SUBJECT: Rule 60 - 2
DATE: 04/16/2023 07:50:02 AM

. B. The Court should vacate its April 19, 2022 judgment because it meets the Eighth Circuit's definition of a void judgment.

Hansmeier has had several void judgments entered against him that were later vacated. Judge Tauro of the District of Massachusetts allowed a judgment to be entered against Hansmeier in the absence of Due Process. The judgment was later vacated by the First Circuit as void. Judge Herndon of the Southern District of Illinois imposed contempt sanctions against Hansmeier without adequate due process protections. The sanctions were later vacated by the Seventh Circuit as void. Magistrate Judge Noel of the District of Minnesota hijacked Judge Ericksen's Article III powers, reopened cases that Hansmeier had settled and ordered Hansmeier to return all of the settlement proceeds. Judge Ericksen vacated Magistrate Judge Noel's actions as being taken in excess of his powers and thus void.

There is a substantial issue whether Hansmeier's criminal conviction is void. The indictment in Hansmeier's case alleges little more than that Hansmeier was employing the copyright enforcement method used by the copyright holder in Olan Mills, Inc. v. Linn Photo Co. 23 F.3d 1345 (8th Cir. 1994). Based on the indictment's allegations, it is apparent that whomever drafted the indictment was unaware of this decision. The judgment is void because the government failed to establish in the indictment and in the facts established at the change of plea hearing that Hansmeier committed an offense against the United States. See United States v. Peter, 310 F.3d 709 (11th Cir. 2002) (holding that federal fraud conviction was void under directly comparable circumstances). This issue remain unaddressed in Hansmeier's criminal proceedings. Hansmeier's 18 U.S.C. 2255 petition is pending before Judge Ericksen.

As with these since-vacated (and hopefully soon-to-be-vacated) judgments, the Court's judgment meets the Eighth Circuit's definition of a void judgment. Federal Rule of Civil Procedure 60(b)(4) imposes a non-discretionary duty on courts to vacate void judgments. Hunter v. Underwood, 362 F.3d 468, 475 (8th Cir. 2004). The Eighth Circuit defines a void judgment as a judgment entered in the absence of subject matter jurisdiction or in violation of the requirements of due process. Baldwin v. Credit Based Asset Servicing and Securitization, 516 F.3d 734, 737 (8th Cir. 2007). Here, the Court acted in the absence of subject matter jurisdiction and without providing Hansmeier with the essential due process protections of notice and an opportunity to be heard. The judgment is void and the Court has no discretion but to vacate it.

1. The judgment is void because the Court acted in the absence of subject matter jurisdiction.

The Court expressly found that it lacked subject matter jurisdiction over Hansmeier's claims against Tobies and there is no basis for the Court to exercise jurisdiction over official capacity Bivens claims. Yet, the Court proceeded to exercise power over all of these claims instead of remanding them to state court, as the federal jurisdictional statutes require. The Court exceeded Constitutional limits on its power by dismissing Hansmeier's claims instead of remanding them. The judgment is void and the Court has no discretion but to vacate it.

2. The judgment is void because the Court failed to observe Hansmeier's due process rights.

Due process requires notice and an opportunity to be heard. Hansmeier never had an opportunity to be heard. Tobies removed Hansmeier's claims and the Court acted summarily, including by imposing an unprecedentedly sweeping filing restriction without first ascertaining the facts of the case. Hansmeier attempted to file objections to Tobies' dismissal request, but the Court instructed the Clerk of Court to mail Hansmeier's objections back to him without considering them on the merits. The Eighth Circuit did not provide Hansmeier an opportunity to be heard either. These proceedings failed to meet the most basic requirements of due process and generated a void judgment. The Court has no discretion but to vacate it.

Separately, due process requires claims to be processed in accordance with the law. The Court's refusal to remand Hansmeier's claims to Hennepin County District Court is in direct contravention of the plain language of 28 U.S.C. 1447(c) and Eighth Circuit precedent---all in violation of Due Process. The Court has no discretion but to vacate its judgment.

C. The Court should issue an order to show cause for why Hansmeier's claims should not be remanded to Hennepin County District Court.

The Court has provided a clear signal that its doubts its subject matter jurisdiction over Hansmeier's claims against Tobies and there is no basis for the Court to exercise jurisdiction over official capacity Bivens claims. Hansmeier suggests that the Court allow the parties to present their positions on why the Court does (or does not) have subject matter jurisdiction over the

---

claims in this case. There is a split on this issue. In its notice of removal, Tobies asserted that the Court has subject matter jurisdiction over Hansmeier's claims. Hansmeier agrees that the Court has subject matter jurisdiction too. The Court might change its mind if it heard from the parties. For example, the Court would likely change its mind as to whether Hansmeier's constitutional challenges to certain federal criminal statutes are Bivens claims. In any event, the Court's decision on this issue will have far more weight if it is the product of the adversary process versus a hastily issued summary order.

D. The Eighth Circuit's summary affirmance does not preclude the relief sought in this motion.

The Eighth Circuit's summary affirmance does not preclude the relief sought in this motion. There are two points to be made here. First, it is well-settled that summary affirmances do not establish the law of the case. See Nyffler Constr., Inc. v. Sec'y of Labor, 760 F.3d 837, 842 (8th Cir. 2014) (holding law of the case only applies to issue that were presented by the parties and resolved by the court). The court remains free to address the mistakes of law and fact and jurisdictional defects in these proceedings. Second, even if summary affirmances had a bearing on future proceedings, the summary affirmance was based on a review of an incomplete record. The Court's instructions to the Clerk of Court deprived the Eighth Circuit of a full record upon which to review the claims and defenses in this case. Even a precedential decision would have no weight under these circumstances. The Court is ruling on a clean slate, notwithstanding the Eighth Circuit's summary affirmance.

E. The Court's inaction will impose unnecessary costs on the parties and harm the public's confidence in the courts.

Tobies has taken no action (other than installing some more permanent sign posts) to address the accessibility violations depicted in the photograph attached to Hansmeier's complaint. As a result, people with disabilities cannot have a roll and a cup of coffee at Tobies. This is a result that the law abhors and prohibits.

There are a variety of actions Hansmeier can take to force Tobies to comply with the law, but these actions will be far costlier and more disruptive for Hansmeier, Tobies and the public than the efficient path prescribed by law---adversary presentation resulting in a judgment with the credibility accorded by this time-tested process.

As someone who is responsible for imposing lengthy criminal sentences, the Court must always take care to maintain its reputation for excellence and adherence to the rule of law.

Certainly, the Court should not put its considerable prestige behind the cause of allowing Tobies to continue to blatantly discriminate against people with disabilities.

III. Conclusion.

The Court should vacate its April 19, 2022 judgment and order the parties to show cause for why Hansmeier's claims should not be remanded to Hennepin County District Court.

Respectfully submitted,

.
.

______________________________ Dated: ______________________________

Paul Hansmeier
20953-041 Unit F
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN 55072